**GROVER et al., Appellants,**

v.

**BARTSCH et al., Appellees.**

[Cite as *Grover v. Bartsch,* 170 Ohio App.3d 188, 2006-Ohio-6115.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21413.

Decided Nov. 17, 2006.

190

Orrin Leigh Grover III and Lin Colby Grover, pro se.

Robert P. Bartlett Jr. and Michele A. Murphy, for appellees.

WOLFF, Judge.

{¶ 1} Orrin Leigh Grover III ("Grover") and Lin Colby Grover (collectively, "the Grovers") appeal from a judgment of the Montgomery County Court of Common Pleas, which dismissed their defamation action against William Bartsch. Grover is the son of Brigadier General Orrin Leigh Grover, USAF, Ret. Lin Grover is General Grover's widow.

{¶ 2} According to the Grovers' amended complaint, Bartsch wrote a book entitled December 8, 1941: MacArthur's Pearl Harbor, which was published in July 2003. On May 22, 2003, Bartsch gave a lecture at the United States Air Force Museum in Dayton, Ohio, regarding his forthcoming book and sold numerous advance copies of the book. Grover was present at this lecture and believes that Bartsch was aware of his presence. During the lecture, Bartsch accused General Grover of unprofessional conduct and of failing to properly

perform his duties as an army air force officer in time of war. The book also accused General Grover of filing false reports, of unprofessional conduct, and of failing to properly perform his duties as an army air force officer in time of war.

{¶ 3} On May 20, 2005, the Grovers brought suit against Bartsch, alleging that on May 22, 2003, he made false and defamatory statements, orally and in writing, about General Grover. Texas A & M University Press was also named as a defendant in this complaint, but it was subsequently dismissed from the litigation. The Grovers filed the amended complaint on July 5, 2005, asserting claims for defamation, libel, misrepresentation, and negligent and intentional infliction of emotional distress.

{¶ 4} Bartsch was served with the original complaint in Reston, Virginia, on May 23, 2005. On June 14, 2005, Bartsch moved to dismiss the action for lack of personal jurisdiction, pursuant to Civ.R. 12(B)(2), and for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6). Bartsch claimed that the Grovers' claim was time-barred. On July 22, 2005, Bartsch filed a similar motion directed to the amended complaint. On the same day, Bartsch filed a motion for a protective order, which asked the court to stay discovery, including the deposition of Bartsch, pending a resolution of his motion to dismiss. The court granted the motion for a protective order.

{¶ 5} On November 28, 2005, the trial court granted Bartsch's motion to dismiss. Although the trial court concluded that it had personal jurisdiction over Bartsch, it found that the Grovers' claims were untimely. The court reasoned that all of the Grovers' claims were claims for defamation, which were subject to a one-year statute of limitations, and the amended complaint established that the original complaint was filed after the expiration of that one-year time period. The court further concluded that Ohio's tolling statute, R.C. 2305.15, was unconstitutional as applied to Bartsch. The court stated that the allegations in the amended complaint indicated that Bartsch had come to Ohio for the limited purpose of promoting his book and presenting a lecture on the book. The court thus concluded that the application of R.C. 2305.15 in this circumstance would impose an unconstitutional burden on interstate commerce.

{¶ 6} The Grovers appeal from the trial court's judgment, raising five assignments of error. We will address them in an order that facilitates our analysis.

{¶ 7} I. "The trial court improperly granted a protective order barring the plaintiffs from conducting a deposition of the defendant."

{¶ 8} In their first assignment of error, the Grovers claim that the trial court erred in granting a protective order that barred them from conducting a deposition of Bartsch. We review the trial court's decision to stay discovery for

an abuse of discretion. *State ex rel. Keller v. Columbus*, 164 Ohio App.3d 648, 2005-Ohio-6500, 843 N.E.2d 838, ¶ 39.

■ {¶ 9} As an initial matter, Bartsch states that the Grovers "failed to raise the protective order at all in their Notice of Appeal, stating '[t]he Plaintiffs hereby appeal the judgment of dismissal entered in this matter on November 28, 2005.'" Bartsch's argument lacks merit. Interlocutory orders, such as most discovery orders, are merged into the final judgment. Thus, an appeal from the final judgment includes all interlocutory orders merged with it, such as the trial court's protective order. *MacConnell v. Safeco Property*, Montgomery App. No. 21147, 2006-Ohio-2910, 2006 WL 1574919, ¶ 49.

■ {¶ 10} The Grovers first argue that there was no basis under Civ.R. 26(C) for granting the motion for a protective order and that Bartsch did not confer with them to resolve the matter. In his motion for a protective order, Bartsch sought to stay discovery pending the resolution of his motion to dismiss. Considering that the motion to dismiss was based on the allegations in the complaint and might dispose of the litigation, the trial court acted within its discretion when it granted the stay of discovery. Although Bartsch did not comply fully with Civ.R. 26(C), the trial court acted reasonably when it granted Bartsch's motion for a protective order.

{¶ 11} Second, the Grovers argue that they were not given an opportunity to respond to Bartsch's motion for a protective order. Bartsch's motion for a protective order was filed on July 22, 2005. As part of the motion, Bartsch sought to stay his deposition, which was scheduled for July 28 and 29, 2005. The court ruled on the motion on July 28, 2005. Although the Grovers had a limited period of time to respond prior to the court's decision, any later decision by the court would have been ineffective because the deposition would have already occurred.

■ {¶ 12} Finally, the Grovers claim that "since the statute of limitations is a factual defense properly asserted on summary judgment, the Plaintiffs [were] at a minimum entitled to inquire into the facts that relate to that defense." The court did not rule on Bartsch's motion to dismiss until November 28, 2005. At no time during the months prior to November 28, 2005, did the Grovers request discovery in order to defend against the motion to dismiss. To the contrary, the Grovers claimed that the court was required to restrict itself to the pleadings because Bartsch had failed to file any affidavits in support of its Civ.R. 12(B)(6) motion to dismiss. The Grovers expressly argued against the trial court's converting the motion to dismiss into one for summary judgment. If the Grovers believed that they required discovery to defend against the motion, a timely motion would have allowed the trial court to decide whether its prior stay should

be vacated. See *MacConnell*, Montgomery App. No. 21147, 2006-Ohio-2910, 2006 WL 1574919, at ¶ 50–51 (addressing a Civ.R. 56(F) motion). In the absence of such a motion, the Grovers cannot now complain that the trial court should have allowed discovery to permit them to respond adequately to the statute-of-limitations defense raised in the motion to dismiss.

{¶ 13} The first assignment of error is overruled.

{¶ 14} II. "The trial court improperly decided the motion to dismiss based on factual matters."

{¶ 15} In their second assignment of error, the Grovers assert that the trial court improperly considered factual matters outside the pleadings in deciding Bartsch's motion to dismiss.

{¶ 16} A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), tests the sufficiency of a complaint. In order to prevail, such a complaint must demonstrate that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, at syllabus. The court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint to be true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. We review de novo the trial court's granting of a Civ.R. 12(B)(6) motion to dismiss.

{¶ 17} As an initial matter, the Grovers claim that the trial court should not have addressed Bartsch's statute-of-limitations defense in a motion to dismiss. They argue that as an affirmative defense, the timeliness of the complaint is more properly raised in a motion for summary judgment. Although a summary judgment is often used to resolve statute-of-limitations issues, the court may resolve the matter in a Civ.R. 12(B)(6) motion when the relevant facts are pleaded in the complaint.

{¶ 18} In their amended complaint, the Grovers alleged that Bartsch gave a lecture at the United States Air Force Museum on May 22, 2003, regarding his forthcoming book. They further alleged, "After his lecture on May 22, 2003, Bartsch absented himself from Ohio. The Plaintiffs are informed and believe that he has not returned to Ohio since on or about May 24, 2003." The Grovers filed their original complaint on May 20, 2005. Bartsch was served with the original complaint at 2109 South Bay Lane in Reston, Virginia, on May 23, 2005.

{¶ 19} On appeal, the Grovers challenge the trial court's statement that "Mr. Bartsch left Ohio two days after the lecture and book promotion, never returned to Ohio, and currently resides in Reston, Virginia." They contend that the trial

court thereby improperly found that Bartsch was not a resident of Ohio and that he was a resident of Reston, Virginia. The Grovers argue that "[t]here is no evidence in the record regarding Bartsch's residence or the details of his contacts with Ohio. The matter must be decided, if at all, on the Plaintiffs' allegation that he was present and that he has been absent from Ohio for at least one of the two intervening years."

{¶ 20} Upon review of the amended complaint, we find that the trial court could resolve the statute-of-limitations issues without reference to evidence outside the pleadings. The Grovers alleged that defamatory statements and misrepresentations were made during the lecture on May 22, 2003. A cause of action for slander accrues when the defamatory remarks were spoken. *Lyons v. Farmers Ins. Group of Cos.* (1990), 67 Ohio App.3d 448, 450, 587 N.E.2d 362. Moreover, the Grovers alleged that the book was published in July 2003. The amended complaint thus indicates that the action for libel accrued at that time. Accordingly, the amended complaint, on its face, set forth the relevant dates for determining whether the Grovers had filed their action within the appropriate statute of limitations.

{¶ 21} The Grovers claim that the statute of limitations was tolled, pursuant to R.C. 2305.15(A), due to Bartsch's absence from Ohio. R.C. 2305.15(A) provides:

{¶ 22} "When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought."

{¶ 23} A determination of the applicability of R.C. 2305.15(A) required facts concerning the circumstances of Bartsch's presence and absence from Ohio. In our judgment, the trial court could determine whether the tolling statute applied from the allegations in the amended complaint. According to that complaint, Bartsch gave a lecture in Dayton for the purpose of promoting his forthcoming book, left Ohio shortly after that lecture, and has not returned to Ohio since the lecture. Because the amended complaint does not specifically allege the location of Bartsch's residence, we agree with the Grovers to the extent that they claim that the trial court erred in concluding that Bartsch was a resident of Reston, Virginia. However, as discussed previously, the relevant question is whether Bartsch was an Ohio resident. Based on the allegations in the amended complaint, the trial court reasonably inferred that Bartsch was not a resident of Ohio. Although Bartsch could have resolved the question of his residency by

submitting an affidavit containing that information, the trial court did not err when it relied on the reasonable inferences derived from the amended complaint.

{¶ 24} The second assignment of error is overruled.

{¶ 25} IV. "The trial court did not have subject matter jurisdiction to consider the challenge to R.C. § 2305.15."

{¶ 26} In their fourth assignment of error, the Grovers claim that the trial court lacked jurisdiction to consider the constitutionality of Ohio's saving statute, R.C. 2305.15, because Bartsch failed to notify the Attorney General of the constitutional challenge, as required by R.C. 2721.12(A).

{¶ 27} R.C. 2721.12(A) provides: "[W]hen declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. * * * [I]f any statute * * * is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard."

{¶ 28} In *Cicco v. Stockmaster* (2000), 89 Ohio St.3d 95, 728 N.E.2d 1066, the Supreme Court of Ohio held: "A party who is challenging the constitutionality of a statute must assert the claim in the complaint (or other initial pleading) or an amendment thereto, and must serve the pleading upon the Attorney General in accordance with methods set forth in Civ.R. 4.1 in order to vest a trial court with jurisdiction under former R.C. 2721.12." Id. at syllabus. The following year, the court employed an expansive interpretation of *Cicco* and dismissed an appeal sua sponte when the constitutionality of a statute had been raised in a motion to dismiss filed in an ordinary civil action and the Attorney General had not been served. *George Shima Buick, Inc. v. Ferencak* (2001), 91 Ohio St.3d 1211, 741 N.E.2d 138.

{¶ 29} In its more recent pronouncements regarding the duty imposed by R.C. 2721.12(A) to notify the Attorney General, the Supreme Court of Ohio has limited *Cicco* and the application of R.C. 2721.12(A) to those cases in which a party challenges the constitutionality of a statute in a declaratory judgment action. *Cleveland Bar Assn. v. Picklo*, 96 Ohio St.3d 195, 2002-Ohio-3995, 772 N.E.2d 1187; see, also, *Pinchot v. Charter One Bank, F.S.B.*, 99 Ohio St.3d 390, 2003-Ohio-4122, 792 N.E.2d 1105, at ¶ 6, fn. 1. When the constitutionality of a statute is challenged as part of a civil action for damages, a trial court has jurisdiction to address the statute's constitutionality. See, e.g., *Ruble v. Ream*, Washington App. No. 03CA14, 2003-Ohio-5969, 2003 WL 22532858, ¶ 11–15; *Tonti v. Tonti*, Franklin App. Nos. 03AP–494 and 03AP–728, 2004-Ohio-2529, 2004 WL 1109840, ¶ 136 (R.C. 2721.12(A) "applies only when the constitutionality of a statute is raised in a declaratory judgment action and not when the issue is

raised in a motion filed in an ordinary civil action"); *In re Cameron*, 153 Ohio App.3d 687, 2003-Ohio-4304, 795 N.E.2d 707, ¶ 15–17.

{¶ 30} Here, the constitutionality of R.C. 2305.15 was raised in a motion to dismiss in a civil action for damages. Neither party has requested a declaratory judgment. Under these circumstances, R.C. 2721.12(A) does not require notice to the Attorney General. Accordingly, the trial court had jurisdiction to consider whether R.C. 2305.15(A) was constitutional as applied to Bartsch.

{¶ 31} The fourth assignment of error is overruled.

{¶ 32} III. "R.C. § 2305.15 is not unconstitutional."

{¶ 33} Under their third assignment of error, the Grovers contend that the trial court incorrectly concluded that R.C. 2305.15 was unconstitutional as applied to Bartsch. They argue that R.C. 2305.15 is constitutional as applied to individuals who leave Ohio for personal reasons.

{¶ 34} Over the years, the Supreme Court of Ohio has had several opportunities to interpret the language of R.C. 2305.15. We begin our discussion with *Seeley v. Expert, Inc.* (1971), 26 Ohio St.2d 61, 55 O.O.2d 120, 269 N.E.2d 121. In *Seeley,* the plaintiffs brought a personal-injury action in Ohio arising out of an automobile accident in Ohio; none of the parties was an Ohio resident. The defendants argued, among other things, that the claims were untimely and that R.C. 2305.15(A) did not apply to them because they were nonresident defendants. In concluding that R.C. 2305.15(A) tolled the statute of limitations, the Supreme Court held that the provisions of R.C. 2305.15(A) "are not limited in their application to persons who were residents of Ohio at the time the event giving rise to a cause of action took place, but also include persons who have never been residents of Ohio." Id. at paragraph two of the syllabus. The Supreme Court further held that R.C. 2305.15(A) tolled the statute of limitations despite the fact that the defendants were continuously amenable to service of process. Id. at paragraph three of the syllabus.

{¶ 35} Four years later, the Supreme Court followed *Seeley*'s holding that R.C. 2305.15(A) applies despite the resident defendant's continual amenability to service of process and concluded that R.C. 2305.15(A) tolled the statute of limitations during the defendant's "temporary absences from the state." *Wetzel v. Weyant* (1975), 41 Ohio St.2d 135, 70 O.O.2d 227, 323 N.E.2d 711. We have noted that both *Seeley* and *Wetzel* have been strongly criticized and both contained vehement dissenting opinions. *Hoagland v. Webb* (June 3, 1994), Montgomery App. Nos. 14024 and 14061, 1994 WL 237504.

{¶ 36} In 1988, the United States Supreme Court determined that R.C. 2305.15 was unconstitutional as applied to out-of-state corporations that did not have an agent designated for service of process in Ohio. *Bendix Autolite Corp. v.*

*Midwesco Ents., Inc.* (1988), 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896. Although the court found that R.C. 2305.15(A) might be unconstitutional on its face, the court chose to examine the statute by means of a balancing test to determine whether it constituted an impermissible burden on interstate commerce. The court concluded, "The Ohio statutory scheme * * * forces a foreign corporation to choose between exposure to the general jurisdiction of Ohio courts or forfeiture of the limitations defense, remaining subject to suit in Ohio in perpetuity. Requiring a foreign corporation to appoint an agent for service in all cases and to defend itself with reference to all transactions, including those in which it did not have the minimum contacts necessary for supporting personal jurisdiction, is a significant burden [on interstate commerce]." Id. at 892, 108 S.Ct. 2218, 100 L.Ed.2d 896. The court further found that this burden was not justified by the difficulties inherent in obtaining service of process on foreign corporations. The court thus concluded that R.C. 2305.15, as applied to out-of-state corporations, violated the Commerce Clause.

{¶ 37} In 1994, we examined the constitutionality of R.C. 2305.15 in light of *Bendix,* as it related to an individual Ohio resident who frequently left the state during the applicable statute of limitations. *Hoagland,* Montgomery App. Nos. 14024 and 14061, 1994 WL 237504. We noted that the constitutionality of R.C. 2305.15(A) had again been challenged in *Tesar v. Hallas* (N.D.Ohio 1990), 738 F.Supp. 240, and that the district court had concluded that R.C. 2305.15(A) violated the Commerce Clause when applied to an individual defendant who had moved from Ohio to take other employment in another state. *Tesar* held, "[W]ithout disturbing the portions of the statute tolling limitations periods for persons who 'abscond' or 'conceal' themselves, the Court finds that the portion of O.R.C. § 2305.15 which causes automatic tolling for out-of-state persons, over whom the Ohio courts would have personal jurisdiction and who are not alleged to have fled or concealed their location, is not justified." *Tesar,* 738 F.Supp. at 243. In light of *Tesar,* we thus stated that "it is clear that R.C. 2305.15(A) is unconstitutional as it applies to both out-of-state corporations and persons who have moved from Ohio to begin employment in other states." *Hoagland,* Montgomery App. Nos. 14024 and 14061, 1994 WL 237504. Turning to the case then before us, we concluded that R.C. 2305.15(A) placed an impermissible burden on interstate commerce when applied to persons, such as the defendant, who traveled interstate in the course of their employment. Thus, R.C. 2305.15(A) did not toll the periods of time during which the defendant had left Ohio for business purposes. Following *Wetzel,* 41 Ohio St.2d 135, 70 O.O.2d 227, 323 N.E.2d 711, we further concluded, however, that R.C. 2305.15(A) was constitutional as to the defendant's temporary personal absences and, therefore, R.C. 2305.15(A) tolled the statute of limitations during those times that the defendant traveled from Ohio for vacation.

{¶ 38} In 2000, the Supreme Court of Ohio addressed whether R.C. 2305.15(A) tolls the relevant statute of limitations when an individual defendant temporarily leaves the state for nonbusiness reasons. *Johnson v. Rhodes* (2000), 89 Ohio St.3d 540, 733 N.E.2d 1132. In *Johnson,* all parties were residents of Ohio, but the defendant had traveled to Kentucky for vacation. Although recognizing that *Bendix,* 486 U.S. 888, 108 S.Ct. 2218, 100 L.Ed.2d 896, operated to preclude the application of R.C. 2305.15 against out-of-state corporations, the court noted that *Bendix* "stops far short of declaring R.C. 2305.15 unconstitutional in any other application." Id. at 542, 733 N.E.2d 1132. The court held that "the application of R.C. 2305.15 against an individual, who temporarily leaves the state of Ohio for non-business reasons, does not constitute an impermissible burden on interstate commerce." Id. at 543, 733 N.E.2d 1132. It thus applied R.C. 2305.15(A) to toll the statute of limitations for the ten days during which the individual defendant had traveled to Kentucky for vacation. The Grovers substantially rely upon *Johnson* in support of their assertion that R.C. 2305.15(A) tolls the statute of limitations when applied to an individual defendant, such as Bartsch, who has left Ohio for personal reasons.

{¶ 39} Citing *Ruble,* Washington App. No. 03CA14, 2003-Ohio-5969, 2003 WL 22532858, Bartsch asserts that *Bendix* should be extended to preclude the application of the tolling provision of R.C. 2305.15 to individuals who are not residents of Ohio. In *Ruble,* the Fourth District thoroughly reviewed the precedent by the United States Supreme Court and the Ohio Supreme Court and concluded that R.C. 2305.15(A) was unconstitutional, as violative of the Commerce Clause, as applied to a person who has never been a resident of Ohio. The court distinguished *Johnson,* 89 Ohio St.3d 540, 733 N.E.2d 1132, stating:

{¶ 40} "This case is not similar to *Johnson,* where both the plaintiff and the defendants were Ohio residents and the defendants had only temporarily departed the state. Instead, this case is more similar to *Bendix,* where the plaintiff sought to have the statute perpetually tolled as against a non-resident entity. *Bendix,* read in conjunction with *Reynoldsville Casket* [*v. Hyde* (1995), 514 U.S. 749, 115 S.Ct. 1745, 131 L.Ed.2d 820],[1] leads us to conclude that such tolling of a

---

1. In *Reynoldsville Casket,* the United States Supreme Court reversed an opinion by the Supreme Court of Ohio, which had held that the tolling provision of R.C. 2305.15 continued to apply to tort claims that accrued before *Bendix* was decided. *Reynoldsville Casket* summarized *Bendix* as follows: "In *Bendix* * * *, this Court held unconstitutional (as impermissibly burdening interstate commerce) an Ohio 'tolling' provision that, in effect, gave Ohio tort plaintiffs unlimited time to sue out-of-state (but not in-state) defendants." *Reynoldsville Casket,* 514 U.S. at 750, 115 S.Ct. 1745, 131 L.Ed.2d 820. The focus of *Reynoldsville Casket* was whether the Supremacy Clause of the United States Constitution permitted Ohio to continue to apply its tolling statute to pre-*Bendix* torts; the scope of *Bendix* was not at issue.

statute of limitations as against non-residents is unconstitutional because it could perpetually subject the non-resident defendant to potential liability.

{¶ 41} "Moreover, although both *Couts [v. Rose* (1950), 152 Ohio St. 458, 40 O.O. 482, 90 N.E.2d 139][2] and *Seeley* appear to support appellant's argument that R.C. 2305.15(A) tolled the statute of limitations (because the Ohio Supreme Court has not overruled either of them), they must be read in light of *Bendix* and *Reynoldsville Casket*, more recent, controlling authority from the United States Supreme Court. Therefore, under *Bendix* and *Reynoldsville Casket*, R.C. 2305.15(A) is unconstitutional as applied to appellee, a non-resident defendant. * * * " *Ruble*, Washington App. No. 03CA14, 2003-Ohio-5969, 2003 WL 22532858, at ¶ 24–25.

{¶ 42} In finding that R.C. 2305.15(A) was unconstitutional as applied to Bartsch, the trial court found *Ruble* to be persuasive. The court reasoned:

{¶ 43} "The court's reasoning in *Ruble* applies equally to the present matter. The plaintiffs do not allege that Mr. Bartsch has ever resided in Ohio. It appears from the facts alleged in the Complaint that Mr. Bartsch was in Ohio in May of 2003 for the limited purpose of promoting his book and presenting a lecture regarding the same: Mr. Bartsch left Ohio two days after the lecture and book promotion, never returned to Ohio, and currently resides in Reston, Virginia. Therefore, application of the tolling statute to Mr. Bartsch, who, according to the facts set out in the plaintiff's Complaint, has never been a resident of Ohio, and has not returned to Ohio since May 2003, presents a situation, like that in *Ruble*, where the tolling statute 'could perpetually subject the non-resident defendant to potential liability' and impose an unconstitutional undue burden on interstate commerce. Therefore, the tolling statute is inapplicable to plaintiffs' claims against defendant Bartsch."

{¶ 44} In our judgment, the trial court correctly concluded that R.C. 2305.15(A) is unconstitutional as applied to Bartsch. As stated in *Ruble*, the application of the tolling provision to an out-of-state defendant—regardless of whether that defendant is an individual or a corporation—would cause the defendant to be perpetually subject to liability in Ohio. As noted by *Bendix*:

{¶ 45} "Although statute of limitations defenses are not a fundamental right * * * it is obvious that they are an integral part of the legal system and

---

**2.** In *Couts,* the Supreme Court held: "A person injured in an automobile collision occurring in this state is not obliged to institute his action for his injury against a nonresident defendant and secure service * * * within the time limitation provided by [the statute of limitations], but under favor of the provisions of [the tolling statute], he may proceed to institute his action * * * at any time before the defendant returns to the state." *Couts,* 152 Ohio St. 458, 40 O.O. 482, 90 N.E.2d 139, at syllabus.

are relied upon to project the liabilities of persons and corporations active in the commercial sphere. The State may not withdraw such defenses on conditions repugnant to the Commerce Clause. Where a State denies ordinary legal defenses or like privileges to out-of-state persons or corporations engaged in commerce, the state law will be reviewed under the Commerce Clause to determine whether the denial is discriminatory on its face or an impermissible burden on commerce. The State may not condition the exercise of the defense on the waiver or relinquishment of rights that the foreign corporation would otherwise retain." *Bendix,* 486 U.S. at 893, 108 S.Ct. 2218, 100 L.Ed.2d 896.

{¶ 46} Moreover, when an individual nonresident defendant is concerned, the defendant does not have the option of registering with the state for service of process. *Tesar,* 738 F.Supp. at 242. Thus, an individual nonresident defendant, such as Bartsch, "has an even more draconian choice to make than that presented to the foreign corporation in *Bendix* ": traveling out of state or enjoying the protections of the statute of limitations. Id.

{¶ 47} Here, the amended complaint establishes that Bartsch was present in Ohio on May 22, 2003, for the purpose of presenting a lecture to promote his forthcoming book and to make prepublication sales of that book. The amended complaint alleges that Bartsch "derived substantial revenue from his activities in Dayton, Ohio, surrounding his delivery of his lecture and the pre-publication sale of his book on or about May 22, 2003." The amended complaint further alleges that Bartsch left Ohio two days later and has not returned to the state. As discussed above, the amended complaint, as reasonably construed, indicates that Bartsch is not a resident of Ohio and that he came to Ohio for business purposes.

{¶ 48} In our view, to apply R.C. 2305.15(A) to Bartsch, who was present in Dayton, Ohio, on May 22, 2003, for business purposes and has not returned, would create an impermissible burden on interstate commerce. Moreover, we find no overriding justification for the application of R.C. 2305.15(A) under these circumstances. Accordingly, the trial court properly concluded that the tolling provision of R.C. 2305.15 was unconstitutional, as violative of the Commerce Clause, when applied to Bartsch.

{¶ 49} The third assignment of error is overruled.

{¶ 50} V. "The trial court improperly determined that the 2nd and 3rd causes of action were barred by R.C. § 2305.15."

{¶ 51} In their fifth assignment of error, the Grovers claim that the trial court erred in dismissing as untimely their claims for negligent infliction of emotional distress and for misrepresentation.[3] They assert that the claim for negligent

---

3. The Grovers refer to these claims as their second and third causes of action. However, they are actually the third and fourth causes of action alleged in the amended complaint.

infliction of emotional distress is governed by a two-year statute of limitations as set forth in the 2003 version of R.C. 2305.10 and that the misrepresentation claim is governed by a four- or six-year statute of limitations. Under the former R.C. 2305.11(A), actions for libel and slander were governed by a one-year statute of limitations.

{¶ 52} In determining the proper statute of limitations for a cause of action, the court must review the complaint to determine "the essential character" of the claim. *Doe v. First United Methodist Church* (1994), 68 Ohio St.3d 531, 629 N.E.2d 402; *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 524 N.E.2d 166. "[I]n determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial." *Love,* 37 Ohio St.3d at 99, 524 N.E.2d 166, quoting *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 465 N.E.2d 1298.

{¶ 53} In the present case, the Grovers' claims for defamation and infliction of emotional distress were based on the allegations that Bartsch had falsely accused General Grover of unprofessional conduct and of failing to properly perform his duties in a time of war. The Grovers asserted that Bartsch made these false accusations during a speech and in his book. Although the second and third causes of action were couched in terms of infliction of emotional distress, the Grovers sought to recover for the injury caused by the alleged defamatory statements regarding General Grover's military service. Thus, the essential character of the claims for infliction of emotional distress was defamation, and those claims were subject to the one-year statute of limitations set forth in R.C. 2305.11(A).

{¶ 54} In his misrepresentation claim, Grover alleged that Bartsch had represented during his May 22, 2003 lecture that the materials contained in his book were true and complete. Grover stated that he had acted in reliance on Bartsch's representation and had purchased a copy of the book. Grover asserted that Bartsch had intentionally omitted favorable information about General Grover and had misrepresented other information. He alleged, for example, that Bartsch had intentionally misstated that General Grover "never again commanded a tactical unit" after December 1941. Grover sought $40 in damages, which represented the cost of the book, and exemplary damages.

{¶ 55} Although the misrepresentation claim involves alleged defamatory statements regarding General Grover, the gravamen of the claim is that Grover relied upon Bartsch's representations regarding the accuracy of his book to his financial detriment. Grover seeks to recover not for the injury to General Grover's

reputation but for his financial outlay. Accordingly, Grover's misrepresentation claim is subject to the four-year statute of limitations.

{¶ 56} The assignment of error is overruled in part and sustained in part.

{¶ 57} The judgment of the trial court is reversed to the extent that it dismissed Grover's misrepresentation claim as untimely. In all other respects, the judgment is affirmed.

Judgment accordingly.

FAIN and DONOVAN, JJ., concur.