[Cite as *Boyce v. Mark Bamberger Co., L.L.C.*, 2013-Ohio-3935.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

RAMON A. BOYCE                          :

    Plaintiff-Appellant                 :          C.A. CASE NO.    2013 CA 18

v.                                      :          T.C. NO.    11CV570

MARK BAMBERGER COMPANY, LLC,            :          (Civil appeal from
et al.                                             Common Pleas Court)

    Defendants-Appellees                :

                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___13th___ day of _____September_____, 2013.

. . . . . . . . . .

RAMON A. BOYCE, #588408, London Correctional Institute, P. O. Box 69, London, Ohio 43140
    Plaintiff-Appellant

RUDOLPH A. PECKINPAUGH, JR., Atty. Reg. No. 0015633 and JEFFREY M. STOPAR, Atty. Reg. No. 0066640, One SeaGate, 24th Floor, P. O. Box 10032, Toledo, Ohio 43699
    Attorneys for Defendants-Appellees

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Plaintiff-appellant Ramon A. Boyce appeals from a decision of the Clark

County Court of Common Pleas granting defendant-appellee the Mark Bamberger Company, L.L.C.'s (hereinafter Bamberger) motion to dismiss Boyce's legal malpractice claims. Boyce filed a timely notice of appeal on February 25, 2013.

{¶ 2} Between 2007 and 2009, in three separate cases, Boyce was found guilty in the Clark County Court of Common Pleas of one count of burglary, six counts of receiving stolen property, and one count of tampering with evidence. On May 15, 2009, Bamberger was appointed as counsel to represent Boyce on appeal in Case Nos. 09-CA-30, 09-CA-31, and 09-CA-44. Bamberger was subsequently appointed as appellate counsel to represent Boyce in Case No. 09-CA-70 on August 10, 2009.

{¶ 3} On December 7, 2009, Bamberger filed an appellate brief on behalf of Boyce which listed all four appellate case numbers. This Court consolidated the four cases into a single appeal on April 23, 2010. On May 14, 2010, we issued an opinion affirming Boyce's conviction and sentence. *State v. Boyce*, 2d Dist. Clark Nos. 09CA30, 09CA31, 09CA44, 09CA70, 2010-Ohio-2127 (hereinafter "*Boyce I*").

{¶ 4} On June 9, 2011, Boyce filed a complaint in which he alleged legal malpractice, fraud, unjust enrichment, negligence, and breach of fiduciary duty against Bamberger. Bamberger received service of the complaint on June 14, 2011. On the twenty-eighth day after service of the complaint on July 12, 2011, Bamberger filed a motion requesting an extension of time in which to respond to the complaint. The trial court granted Bamberger's motion July 19, 2011, providing him until August 10, 2011, to respond. On July 27, 2011, eight days after the trial court had already granted Bamberger's request for an extension, Boyce filed a motion for default judgment in which he objected to

Bamberger's requested extension. The trial court did not expressly rule on Boyce's motion for default judgment.

{¶ 5} On August 9, 2011, Bamber filed a motion to dismiss Boyce's complaint on the grounds that it was barred by the one-year statute of limitations for filing a legal malpractice claim. Ultimately, the trial court granted Bamberger's motion to dismiss in a decision issued on January 29, 2013, finding as follows: 1) the "gravamen" of Boyce's complaint was Bamberger's alleged legal malpractice; therefore, the one-year statute of limitation applied to all of Boyce's claims; 2) the "cognizable event" related to Boyce's claim was his becoming aware of this Court's adverse opinion in *Boyce I*; and 3) Boyce terminated his attorney-client relationship with Bamberger on May 17, 2010, when he disclosed "his mistrust and lack of mutual confidence" in Bamberger's appellate representation.

{¶ 6} It is from this decision that Boyce now appeals.

{¶ 7} Because all of his assignments of error are interrelated, they will be discussed together as follows:

{¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE COMPLAINT AGAINST THE DEFENDANTS FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF CONTRACT AND BREACH OF FIDUCIARY DUTY, ALLEGING STATUE [sic] OF LIMITATIONS."

{¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING THE COMPLAINT AND NOT ENTERING DEFAULT JUDGMENT AGAINST THE DEFENDANTS FOR NEGLIGENCE, BREACH OF CONTRACT AND BREACH OF

FIDUCIARY DUTY, AFTER THE DEFENDANTS FAILED TO DEFEND OR OTHERWISE RESPOND AGAINST THE CLAIMS IN THE COMPLAINT."

{¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE COMPLAINT AGAINST THE DEFENDANTS FOR LEGAL MALPRACTICE, NEGLIGENCE, BREACH OF CONTRACT AND BREACH OF FIDUCIARY DUTY, ALL AMOUNTED TO A SINGLE CLAIM OF MALPRACTICE, BECAUSE THIS CONCLUSION WAS NOT INDEPENDENT OF THE TRIAL COURT AND WAS NOT ADDRESSED IN THE AFFIRMATIVE DEFENSES AS A RESPONSE TO THE COMPLAINT."

{¶ 11} "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R.12(B)(6), tests the sufficiency of a complaint. In order to prevail, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. University Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975). The court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). We review de novo the trial court's granting of a Civ.R. 12(B)(6) motion to dismiss." *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶16 (2d Dist.).

{¶ 12} Initially, we note that the trial court did not err when it found that all of the separate claims in Boyce's complaint for negligence, breach of contract, breach of fiduciary duty, and unjust enrichment sound in legal malpractice. "'The applicable statute of

limitations is determined from the gist of the complaint, not by the form of the pleading.' *Hibbett v. Cincinnati*, 4 Ohio App. 3d 128, 131, 446 N.E.2d 832 (1st Dist.1982). 'Malpractice by any other name still constitutes malpractice.' *Muir v. Hadler Real Estate Mgt. Co.*, 4 Ohio App. 3d 89, 90, 446 N.E.2d 820 (10th Dist.1982). Malpractice consists of 'the professional misconduct of members of the medical profession and attorneys' and may consist of either negligence or breach of contract. *Id.*, quoting *Richardson v. Doe*, 176 Ohio St. 370, 372, 199 N.E.2d 878 (1964). 'It makes no difference whether the professional misconduct is founded in tort or contract, it still constitutes malpractice.' *Id.*". *Warman v. L.Patrick Mulligan and Assoc., Co.*, 2d Dist. Montgomery No. 22503, 2009-Ohio-1940, ¶ 17.

{¶ 13} In his complaint, Boyce advances six causes of action, to wit: 1) Legal Malpractice; 2) Legal Malpractice; 3) Negligence; 4) Breach of Contract; 5) Breach of Fiduciary Duty; and 6) Unjust Enrichment. Under each cause of action, however, Boyce merely repeats the following statement regarding the nature of his various claims:

> The defendant Mark J. Bamberger Company owed a duty or obligation to the Plaintiff and *have engaged in the malpractice of law* by employing attorneys who have failed to perform the duties as mandated by the Ohio Code of Professional Responsibility which has resulted in a breach of duty or obligation to the Plaintiff and have failed to conform to the standards as required by law which has resulted in damages to the Plaintiff in the from [sic] of a very long term in prison and separation for his family.

{¶ 14} Clearly, each of the six claims advanced by Boyce stem from Bamberger's

legal representation during the course of the appeal in *Boyce I*. "Claims arising out of an attorney's representation are legal malpractice claims regardless of how they are pled." *Huber v. Mues*, 2d Dist. Clark No. 2011-CA-75, 2012-Ohio-2540, citing *Katz, Teller, Brant & Hild, L.P.A. v. Farra*, 2d Dist. Montgomery No. 24093, 2011-Ohio-1985, ¶ 13. Therefore, Boyce cannot avoid the statute of limitations by characterizing his claims as anything other than legal malpractice.

{¶ 15} Actions that allege malpractice by an attorney must be commenced within one year after the cause of action accrues. R.C. 2305.11(A). An action for legal malpractice accrues and the statute of limitations begins to run "when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St. 3d 54, 538 N.E.2d 398, syllabus (1989). A "cognizable event" is an event sufficient to alert a reasonable person that his attorney has committed an improper act in the course of legal representation. *Spencer v. McGill*, 87 Ohio App. 3d 267, 278, 622 N.E.2d 7 (8th Dist.1993).

{¶ 16} When determining the accrual date of R.C. 2305.11(A) in a legal malpractice action, the trial court must "explore the particular facts of the action" and make several determinations. *Omni-Food & Fashion, Inc. v. Smith*, 38 Ohio St.3d 385, 388, 528 N.E.2d 941 (1988). Specifically, the court must determine (1) "when the injured party became aware, or should have become aware, of the extent and seriousness of his or her

alleged legal problem," (2) "whether the injured party was aware, or should have been aware, that the damage or injury alleged was related to a specific legal transaction or undertaking previously rendered him or her," and (3) "whether such damage or injury would put a reasonable person on notice of the need for further inquiry as to the cause of such damage or injury." *Id.*

{¶ 17} Boyce contends that the applicable statute of limitations began to run on June 10, 2010, the date he first became aware of the alleged malpractice when he received a letter from Bamberger, dated June 7, 2010. The letter stated that it contained a copy of "transcripts for your [Boyce's] case" and offering to assist Boyce "now and in the future" with any other matters. Boyce asserts that his receipt of the letter on June 10, 2010, was the "cognizable event" whereby he discovered Bamberger's malpractice because some of the transcripts were purportedly missing from the file.

{¶ 18} Conversely, Bamberger argues that statute of limitations began to run, at the latest, on May 17, 2010, when Boyce filed several motions with this Court, most notably "Leave to Dismiss Counsel of Record" and "Leave to Represent Self Pro-Se." Our review of Bamberger's motion to dismiss is limited to the pleadings, and Boyce's complaint makes no mention of the June 7, 2010, letter. Rather, Boyce alleges in his complaint that he "found out" on May 20, 2010, that we affirmed his conviction and sentence in *Boyce I* and that "Bamberger raised one assignment of error that was meritless and used case laws that were bad law...[and] counsel failed to raise any arguments on Case No. 08 CR 363."

{¶ 19} Thus, we conclude that Boyce's argument that he first learned of Bamberger's alleged malpractice on June10, 2010, is not supported by the pleadings. The record in this

matter supports the conclusion that the cognizable event which put Boyce on notice of Bamberger's alleged malpractice was May 20, 2010, when he received a copy of *Boyce I*. Accordingly, Boyce's complaint, filed on June 9, 2011, was filed outside the one-year statute of limitations for legal malpractice and is, therefore, untimely. Additionally, Bamberger's appellate representation of Boyce effectively ended on May 14, 2010, when *Boyce I* was issued by this Court.

{¶ 20} Lastly, we find no merit to Boyce's argument that Bamberger failed to respond in a timely fashion to the complaint. A review of the record indicates that Boyce filed his complaint on June 9, 2011. Pursuant to Civ. R. 12(A), Bamberger was required to respond to the complaint within twenty-eight days, or by July 12, 2011. On July 12, 2011, Bamberger filed a timely motion for a time extension in which file a response to the complaint. The trial court granted Bamberger's motion on July 19, 2011, giving him until August 10, 2011, to respond to the complaint. On August 9, 2011, clearly within the time allotted by the trial court, Bamberger filed his motion to dismiss Boyce's complaint. Although the trial court never expressly addressed Boyce's motion for default judgment filed on July 27, 2011, the court implicitly overruled the motion by granting Bamberger's motion for an extension of time. See *Brenman v. Reck*, 2d Dist. Miami No. 2004 CA 3, 2004-Ohio-5828, ¶ 17.

{¶ 21} Boyce's first, second, and third assignments of error are overruled.

{¶ 22} All of Boyce's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

[Cite as *Boyce v. Mark Bamberger Co., L.L.C.*, 2013-Ohio-3935.]
HALL, J. and CELEBREZZE, J., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Ramon A. Boyce
Rudolph A. Peckinpaugh, Jr.
Jeffrey M. Stopar
Hon. Richard J. O'Neill