[Cite as *Hurley v. Nifty 50 Tavern*, 2017-Ohio-7935.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| JAMES HURLEY | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.   2017-CA-46 |
| | : | |
| v. | : | T.C. NO. 16-CV-854 |
| | : | |
| NIFTY 50 TAVERN, et al. | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the ____29th____ day of _____September_____, 2017.

. . . . . . . . . . .

JAMES HURLEY, P. O. Box 301, Springfield, Ohio 45501
        Plaintiff-Appellant

PAUL J. KAVANAGH, Atty. Reg. No. 0065418, 333 N. Limestone Street, P. O. Box 1687, Springfield, Ohio 45503
        Attorney for Defendants-Appellees

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} James Hurley appeals from a judgment of the Clark County Court of Common Pleas, which dismissed his personal injury action, pursuant to Civ.R. 12(B)(6). For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} According to Hurley's appellate brief, at 9:40 p.m. on December 31, 2014,

Hurley fell on the steps of the Nifty 50 Tavern in Springfield. He states that he sustained injuries to his right hip, which required surgery, and to his right elbow.

{¶ 3} On December 30, 2016, Hurley, pro se, filed a lawsuit against Nifty 50 Tavern and its co-owners, Carolyn Issacs and Michael Turner (collectively, "Defendants"). Hurley's complaint alleged, "Now comes the Plaintiff, James Hurley and said on or about December 31, 2014 he sustained a permanent injury. He was hospitalized/ in a nursing facility and had to receive extensive therapy. This complaint is filed severally, personal [sic] and individually." Hurley enumerated ten "violations": infliction of emotional distress, intentional misconduct, discriminatory intent, negligent infliction of emotional distress, intentional discrimination with "desperate" treatment, defamation actions, intentional tort of assault, slander, intentional "miss representation", and "international deception." His prayer for relief stated that the defendants failed to comply with federal, state, and city building codes, including regulations concerning "handicap ramps for the patrons upon entrance." Hurley sought an injunction and monetary damages. No additional details were alleged in the complaint.

{¶ 4} The complaint was sent to Defendants by certified mail on January 9, 2017. The court's docket indicates that service was perfected on Issacs and Turner on January 13, 2017, and on Nifty 50 Tavern on February 3, 2017.

{¶ 5} Hurley filed several documents on January 20, 2017: (1) a motion, pursuant to Civ.R. 6(B), for an extension of time to "allow for the assemblage of necessary information so that [an] appropriate motion or pleading might be found," (2) first request for admissions, (3) request for production of documents, and (4) first set of interrogatories.

{¶ 6} Defendants sought a 28-day extension in which to move or plead. In their

appellate brief, Defendants state that they filed their motion for an extension on February 8, 2017, and served it on Hurley; neither the motion nor certificate of service is part of the record. However, on February 9, 2017, the trial court granted Defendants an additional 28 days within which to move or plead; the entry indicates that it (the entry) had been submitted to the trial court by Defendants' counsel.

{¶ 7} On February 13, 2017, Defendants moved to dismiss the complaint, pursuant to Civ.R. 12(B)(6), claiming that Hurley had failed to state a claim upon which relief may be granted. Defendants argued that Hurley did not allege in his complaint that he was injured by Defendants or on their property, nor did he allege that Defendants were responsible for his injuries. Defendants further argued that Hurley provided no facts to support the legal conclusion that Defendants' property failed to comply with building codes.

{¶ 8} On March 27, 2017, Hurley filed two motions against Defendants on the ground that Defendants had failed to file an answer to his complaint. The first motion sought a default judgment, and the second sought summary judgment. Hurley provided no evidence to support his summary judgment motion.

{¶ 9} On April 5, 2017, the trial court overruled the motions for default judgment and for summary judgment and dismissed the action, pursuant to Civ.R. 12(B)(6). Hurley appeals from the trial court's judgment.

## II. Appellate Procedure

{¶ 10} Hurley is proceeding pro se. "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Preston v. Shutway*, 2d Dist. Champaign No. 2012 CA 24, 2013-Ohio-

185, ¶ 12.

{¶ 11} Hurley's appellate brief does not include any assignment of error, as required by App.R. 16(A). App.R. 16(A)(3) states that an appellate brief must contain a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Defendants have summarized Hurley's arguments into five assignments of error, which accurately reflect Hurley's claims on appeal. We adopt Defendants' framework.

{¶ 12} Hurley's appellate brief also includes additional facts regarding the cause and extent of his injuries, and he has attached numerous exhibits to his appellate brief. "An appellate court's review in a direct appeal is limited to the materials in the record and the facts and evidence presented to the trial court." *Yates v. Kanani*, 2d Dist. Montgomery No. 23492, 2010-Ohio-2631, ¶ 24. Accordingly, in reviewing the trial court's judgment, we cannot consider any of the additional information presented in Hurley's appellate brief, including the attached exhibits.

### III. Timeliness and Notice of Defendants' Motions

{¶ 13} Defendants have summarized Hurley's first two claims on appeal as follows:

1. The Appellees filed a "late entry" with the Trial Court on February 9, 2017 and failed to serve the Appellant.

2. The Appellees filed a Motion to Dismiss late on February 13, 2017 and failed to serve the Appellant.

{¶ 14} Hurley claims that Defendants' motion for an extension of time and motion to dismiss, pursuant to Civ.R. 12(B)(6), were untimely, and he asserts that he was not served with the motions.

{¶ 15} An action is commenced with the filing of a complaint. Civ.R. 3. Hurley filed his complaint on December 30, 2016. Pursuant to Civ.R. 4 and 4.1, the clerk issued a summons and complaint to Defendants. "Service by certified mail, '[e]videnced by return receipt signed by any person,' is complete when the clerk notes receiving the return receipt on the docket. Civ.R. 4.1(A)(1)(a)." *Chuang Dev. LLC v. Raina*, 2017-Ohio-3000, __ N.E.3d __ (10th Dist.). The record indicates that service was perfected on Issacs and Turner on January 13, 2017, and on Nifty 50 Tavern on February 3, 2017.

{¶ 16} In general, a defendant is required to serve his answer within 28 days after service of the summons and complaint. Civ.R. 12(A)(1). Accordingly, Turner and Issacs had until February 9, 2017 to respond to the complaint; Nifty 50 Tavern had until March 2, 2017.

{¶ 17} The trial court may, in its discretion, grant an extension of time to file an answer. *See* Civ.R. 6(B). Prior to filing an answer, a defendant may file a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. *See* Civ.R. 12(B)(6). The filing of such a motion tolls the time for filing an answer.

{¶ 18} Defendants timely sought a 28-day extension to respond to Hurley's complaint, and the trial court granted that request on February 9, 2017. Defendants' motion for an extension is not part of the record, and it is unclear from the record whether Hurley was served with that motion. However, we find no basis to conclude that Hurley was prejudiced by the trial court's granting of an extension of time to file a response to the complaint.

{¶ 19} Defendants' motion to dismiss, pursuant to Civ.R. 12(B)(6), was filed on February 13, 2017, which was within the extension of time granted by the trial court to

Defendants (and it was timely, even without the extension, as to Nifty 50 Tavern). The motion contains a certificate of service, indicating that the motion was sent by U.S. mail to Hurley at the address listed on Hurley's complaint.

{¶ 20} Accordingly, Hurley's claim that Defendants' motions were untimely is without merit, and the record reflects that he was served with Defendants' motion to dismiss. We find no reversible error as to the filing of Defendants' motions.

### IV. Trial Court's Disposition of the Parties' Motions

{¶ 21} Defendants summarize Hurley's three additional claims, as follows:

3. The Trial Court overruled Appellant's Motion for Default Judgment and Motion for Summary Judgment and granted Appellee's Motion to Dismiss without holding an oral hearing.

4. The Trial Court was biased and prejudiced in its ruling and gave the Appellees' [sic] "preferential treatment."

5. The Appellees' motions were frivolous in violation of Ohio Civ.R. 11 and R.C. 2323.51.

{¶ 22} In its ruling, the trial court disposed of three separate types of motions: motion for default judgment, motion for summary judgment, and motion to dismiss for failure to state a claim upon which relief may be granted.

{¶ 23} Hurley sought a default judgment against Defendants. Civ.R. 55(A) permits the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend * * *." In this case, Defendants were not in default, as they had timely filed a Civ.R. 12(B)(6) motion to dismiss. The trial court was not required to hold a hearing on Hurley's motion for default

judgment, and the record demonstrated that Hurley was not entitled to a default judgment. We find no error in the trial court's denial of Hurley's motion for a default judgment.

{¶ 24} Hurley also sought summary judgment against Defendants. Summary judgment is governed by Civ.R. 56. Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). Those materials include "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, filed in the action." *Id*. at 293; Civ.R. 56(C).

{¶ 25} As we stated in *Mfrs. Equip. Co. v. StarStone LLC*, 2d Dist. Montgomery No. 26725, 2016-Ohio-3276:

> " '[T]he primary function of a trial court in reviewing a motion for summary judgment is to determine whether triable issues of fact exist, not the sufficiency of those facts.' " Resolving issues of credibility and ambiguity and conflicts in the evidence are " 'outside the province of a summary judgment hearing.' " "[S]ummary judgment will not lie if the dispute about

a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

(Citations omitted.) *StarStone* at ¶ 9.

{¶ 26} Hurley did not support his motion with any evidentiary material, as required by Civ.R. 56(C), and thus he did not meet his initial burden of demonstrating that no genuine issue of material fact existed regarding his claims. In the absence of any evidence, the trial court properly overruled Hurley's motion for summary judgment. In addition, the trial court was not required to hold an oral hearing on Hurley's summary judgment motion, *Toliver v. Duwel*, 2d Dist. Montgomery No. 24768, 2012-Ohio-846, ¶ 45-46, and the trial court did not err in overruling the motion without a hearing.

{¶ 27} Defendants moved to dismiss Hurley's complaint, pursuant to Civ.R. 12(B)(6). A motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), "is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992); *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 16 (2d Dist.). The court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Grover* at ¶ 16, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). A motion to dismiss under Civ.R. 12(B)(6) should be granted only where the complaint, so construed,

demonstrates that plaintiff can prove no set of facts entitling him to relief. *Sherrod v. Haller*, 2017-Ohio-5614, __ N.E.3d __, ¶ 6 (2d Dist.). "The standard for dismissal under Civ.R. 12(B)(6) is consistent with Civ.R. 8(A), which requires that a complaint 'contain * * * a short and plain statement of the claim [or claims] showing that the [plaintiff] is entitled to relief.' " *Toney v. Dayton*, 2017-Ohio-5618, __ N.E.3d __, ¶ 36 (2d Dist.).

{¶ 28} Hurley's complaint contained few factual allegations. Hurley alleged that he incurred injuries on December 31, 2014, but he failed to allege what happened to cause his injuries, where the injuries occurred, and why Defendants were responsible for the injuries under the various legal theories he cited. Stated differently, the complaint did not allege that Turner and Issacs were co-owners of (or had any connection to) Nifty 50 Tavern, that Hurley was injured at Nifty 50 Tavern, or how the injuries occurred. Nor did Hurley allege any *facts* supporting his ten specific claims for relief. Construing the allegations contained in the complaint in the light most favorable to Hurley, Hurley has failed to state any claim against Defendants upon which relief can be granted. The trial court properly dismissed Hurley's complaint, pursuant to Civ.R. 12(B)(6).

{¶ 29} Finally, Hurley claims that the trial court was biased and prejudiced in its rulings and that Defendants' motions were frivolous. Nothing in the trial court's rulings demonstrates bias against Hurley, and Defendants' motions, including their motion to dismiss, were not frivolous.

{¶ 30} Hurley's claims on appeal are overruled.

## V. Conclusion

{¶ 31} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

James Hurley
Paul J. Kavanagh
Hon. Douglas M. Rastatter