French, J.
{¶ 1} In this appeal, we consider the scope of the language in R.C. 2929.14(D)(3)(a)[1] requiring a mandatory ten-year prison term for an offender “guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree.” We hold that this language is unambiguous and conclude that the court of appeals erred by restricting the meaning of “corrupt activity” to refer only to activity associated with the offenses .listed in R.C. 2929.14(D)(3)(a).
BACKGROUND
{¶ 2} In December 2008, a jury found cross-appellee, David Willan, guilty of 68 counts, including one first-degree-felony count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, Ohio’s Racketeer-Influenced and Corrupt Organizations (“RICO”) statute. The corrupt-activity count was predicated on, inter alia, five first-degree-felony counts of making false representations for the purpose of registering securities in violation of R.C. 1707.44(B)(1). At sentencing, which took place after Willan was found guilty of two counts tried separately, the trial court imposed an aggregate total prison term of 16 years. The trial court determined that R.C. 2929.14(D)(3)(a) required a mandatory ten-year prison term for the corrupt-activity count.
{¶ 3} The court of appeals affirmed the guilty verdicts for the corrupt-activity count and three of the predicate violations of R.C. 1707.44(B)(1), but reversed most of the remaining guilty verdicts based on insufficiency of the evidence. 9th Dist. No. 24894, 2011-Ohio-6603, 2011 WL 6749842, ¶ 71, 85, 94. The court went *223 on to vacate the mandatory ten-year prison term imposed for the corrupt-activity count, declaring R.C. 2929.14(D)(3)(a) ambiguous as to whether the mandatory ten-year term applied to Willan. Id. at ¶ 119. Because the statute “did not identify the offense of engaging in a pattern of corrupt activity by its Revised Code section number, R.C. 2923.32,” but did use section numbers to identify several other offenses in surrounding language, the court determined that it was “reasonable to infer that the mandatory ten-year prison term * * * was only intended to apply to corrupt activity associated with” those other offenses. Id. at ¶ 107.
{¶ 4} We declined to accept jurisdiction over Willan’s appeal. We accepted jurisdiction over the state’s cross-appeal to consider the following proposition of law: “R.C. 2929.14(D)(3)(a) establishes a mandatory 10-year sentence where a defendant is found guilty of a corrupt activity where the most serious offense in the pattern of corrupt activity is a felony of the first degree.”
ANALYSIS
{¶ 5} To decide the scope of R.C. 2929.14(D)(3)(a),[2] or any statute, we begin with its text, “reading words and phrases in context and construing them according to the rules of grammar and common usage.” State ex rel. Steele v. *224 Morrissey, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21; R.C. 1.42. If words and phrases “have acquired a technical or particular meaning, whether by legislative definition or otherwise,” we will construe them accordingly. R.C. 1.42. We will attempt to give effect to “every word, phrase, sentence, and part of the statute” and to avoid an interpretation that would “restrict, constrict, qualify, narrow, enlarge, or abridge the General Assembly’s wording.” State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn., 131 Ohio St.3d 478, 2012-Ohio-1484, 967 N.E.2d 193, ¶ 18. If language in a statute is plain and unambiguous, we will apply it as written. State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 13.
{¶ 6} R.C. 2929.14(D)(3)(a) lists four conditions — divided into separate clauses and expressed in the disjunctive — in which a sentencing court “shall impose * * * a ten-year prison term that cannot be reduced pursuant to section 2929.20 or Chapter 2967. or 5120. of the Revised Code.” At issue here is the third conditional clause, which triggers the mandatory ten-year term “if the court imposing sentence upon an offender for a felony finds that the offender is guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree.” The first two clauses pertain to different categories of major drug offender (“MDO”) and require the mandatory prison term if the offender is classified as an MDO by committing certain violations of R.C. 2925.03 or 2925.11, or if the offender is found guilty of an MDO specification in addition to a felony violation of any of the 14 enumerated offenses. The fourth clause (beginning with the disjunctive “or”) applies if an offender is guilty of attempted rape and would have been subject to a sentence of life imprisonment or life imprisonment without parole had the rape been completed.
{¶ 7} R.C. 2929.14(D)(3)(a) is unambiguous on the question before us. Willan was found guilty of engaging in a pattern of corrupt activity under R.C. 2923.32(A)(1), predicated on three first-degree-felony violations of R.C. 1707.44(B). R.C. 2923.32(A)(1) states that “[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt.” R.C. 2923.31(1), in turn, defines “[c]orrupt activity” as “engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in” any of several enumerated categories of predicate conduct, including conduct constituting a violation of R.C. 1707.44(B). R.C. 2923.31(I)(2)(a). Thus, because Willan was “guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree,” R.C. 2929.14(D)(3)(a) required the trial court to impose the mandatory ten-year term of imprisonment.
*225 {¶ 8} We discern no support for the court of appeals’ interpretation that to trigger the mandatory ten-year term, the corrupt activity must also be “associated with” one of the drug offenses and the attempted-rape offense “explicitly enumerated in R.C. 2929.14(D)(3)(a).” 2011-Ohio-6603, 2011 WL 6749842, at ¶ 107. That construction overlooks the fact that R.C. 2929.14(D)(3)(a) lists the four offender categories in the disjunctive, signaling that each has a meaning independent from the others and that the existence of any one is sufficient to trigger the mandatory ten-year prison term. “ ‘[CJanons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise * * *.’ ” O’Toole v. Denihan, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 51, quoting Reiter v. Sonotone Corp., 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979). Here, we discern only the General Assembly’s intent to require increased penalties in four separate offender categories, two of which happen to pertain to MDOs. In that respect, the corrupt-activity clause is no different from the language in R.C. 2929.13(F)(10), which states that “the court shall impose a prison term * * * for * * * [cjorrupt activity in violation of section 2923.32 of the Revised Code when the most serious offense in the pattern of corrupt activity that is the basis of the offense is a felony of the first degree.”
{¶ 9} We also reject the premise underlying the court of appeals’ determination that the statute is ambiguous. According to the court of appeals, ambiguity existed “in light of the [statute’s] explicit application of the mandatory sentence to sixteen different offenses identified by their Revised Code section number, and the failure to include any statutory reference to R.C. 2923.32.” 2011-Ohio-6603, 2011 WL 6749842, at ¶ 107. While we disagree with the characterization of the statute as a simple list of offenses to which the mandatory prison term automatically applies, we fail to see how specifying the code number of the general corrupt-activity statute, R.C. 2923.32, would further clarify which predicate offenses are sufficient to trigger the mandatory prison term. Regardless, R.C. 2929.14(D)(3)(a) already identifies which predicate offense triggers the mandatory prison term: “the most serious offense in the pattern of corrupt activity being a felony of the first degree.” To add the requirement that the predicate offense must also be one of the drug offenses or the attempted-rape offense would amount to judicial legislation, and we decline to do so.
{¶ 10} Equally unconvincing is Willan’s reliance on the doctrine of ejusdem generis. Under that interpretive canon, “whenever words of general meaning follow the enumeration of a particular class, then the general words are to be construed as limited to those things which pertain to the particularly enumerated class.” Akron Home Med. Servs., Inc. v. Lindley, 25 Ohio St.3d 107, 109, 495 N.E.2d 417 (1986). “Corrupt activity” is not a word of general meaning; we must construe it according to its specific legislative definition set forth in R.C. *226 2923.31(1). There is simply no syntactic or contextual canon of construction that allows us to overlook the only possible meaning of “corrupt activity” or the unambiguous meaning of R.C. 2929.14(D)(3)(a).
CONCLUSION
{¶ 11} We acknowledge that R.C. 2929.14(D)(3)(a) is, like most sentencing statutes, complex, but “the mere possibility of clearer phrasing” will not defeat the most natural reading of the statute. Caraco Pharmaceutical Laboratories, Ltd. v. Novo Nordisk A/S, — U.S.-, 132 S.Ct. 1670, 1682, 182 L.Ed.2d 678 (2012). Nor must the General Assembly draft a law with “scientific precision” before we will enforce it. State v. Anderson, 57 Ohio St.3d 168, 174, 566 N.E.2d 1224 (1991). We hold that there is only one reasonable construction of R.C. 2929.14(D)(3)(a): a mandatory ten-year prison term is required “if the court imposing sentence upon an offender for a felony finds that the offender is guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree.” Because Willan fell squarely within the scope of this provision, the trial court correctly imposed the mandatory ten-year prison term. Accordingly, we reverse the court of appeals’ judgment.
Judgment reversed.
Hall, O’Donnell, and Kennedy, JJ., concur.
Pfeifer, Acting C.J., and Lanzinger and O’Neill, JJ., dissent.
Michael T. Hall, J., of the Second Appellate District, sitting for O’Connor, C.J.

. R.C. 2929.14(D)(3)(a) has since been amended and is now codified in R.C. 2929.14(B)(3). 2011 Am.Sub.H.B. No. 86. All references to R.C. 2929.14(D)(3)(a) in this opinion are to the former version of the statute.

. In its entirety, former R.C. 2929.14(D)(3)(a) provided:
Except when an offender commits a violation of section 2903.01 or 2907.02 of the Revised Code and the penalty imposed for the violation is life imprisonment or commits a violation of section 2903.02 of the Revised Code, if the offender commits a violation of section 2925.03 or 2925.11 of the Revised Code and that section classifies the offender as a major drug offender and requires the imposition of a ten-year prison term on the offender, if the offender commits a felony violation of section 2925.02, 2925.04, 2925.05, 2925.36, 3719.07, 3719.08, 3719.16, 3719.161, 4729.37, or 4729.61, division (C) or (D) of section 3719.172, division (C) of section 4729.51, or division (J) of section 4729.54 of the Revised Code that includes the sale, offer to sell, or possession of a schedule I or II controlled substance, with the exception of marihuana, and the court imposing sentence upon the offender finds that the offender is guilty of a specification of the type described in section 2941.1410 of the Revised Code charging that the offender is a major drug offender, if the court imposing sentence upon an offender for a felony finds that the offender is guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree, or if the offender is guilty of an attempted violation of section 2907.02 of the Revised Code and, had the offender completed the violation of section 2907.02 of the Revised Code that was attempted, the offender would have been subject to a sentence of life imprisonment or life imprisonment without parole for the violation of section 2907.02 of the Revised Code, the court shall impose upon the offender for the felony violation a ten-year prison term that cannot be reduced pursuant to section 2929.20 or Chapter 2967. or 5120. of the Revised Code.
2004 Am.Sub.H.B. No. 473,150 Ohio Laws, Part IV, 5735.