[Cite as *State v. Willan*, 2016-Ohio-1335.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27188 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID B. WILLAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 07 12 4233 (A) |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2016

MOORE, Judge.

{¶1} Defendant-Appellant David B. Willan appeals from the judgment of the Summit County Court of Common Pleas. We affirm.

I.

{¶2} Mr. Willan was convicted of numerous counts related to his business enterprises following two trials in 2008 and 2009. *See State v. Willan* ("*Willan I*"), 9th Dist. Summit No. 24894, 2011-Ohio-6603, ¶ 12-13. He appealed his convictions to this Court and we concluded that many of his convictions were supported by insufficient evidence. *Id.* at ¶ 121. Additionally, we concluded that language in former R.C. 2929.14(D)(3)(a) was ambiguous, and thus, determined that the trial court could not impose a mandatory ten-year sentence under that statute. *See id.* at ¶ 119.

{¶3} The Ohio Supreme Court agreed to hear the State's appeal, which argued that this Court's decision analyzing former R.C. 2929.14(D)(3)(a) was erroneous. *State v. Willan*

("*Willan II*"), 136 Ohio St.3d 222, 2013-Ohio-2405, ¶ 4.  The Ohio Supreme Court reversed this Court's decision, concluding the statute was susceptible to only one reasonable construction, and, thus, the trial court correctly imposed the mandatory ten-year sentence.  *Id.* at ¶ 11.  Days later, the United States Supreme Court decided *Alleyne v. United States,*  __ U.S. __, 133 S.Ct. 2151 (2013), holding that, because "[m]andatory minimum sentences increase the penalty for a crime[,] * * * any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."  *Alleyne* at 2155.  Mr. Willan moved for reconsideration, but the Ohio Supreme Court denied his motion.  *State v. Willan* ("*Willan III*"), 136 Ohio St.3d 1477, 2013-Ohio-3790.

{¶4}    Following the Ohio Supreme Court's ruling, the trial court held what it described as a status conference.  In the trial court, Mr. Willan argued that he was entitled to a resentencing and that *Alleyne* should be applied to his case.  He further argued that application of *Alleyne* to the facts of his case would prevent the imposition of a mandatory ten-year sentence.  The trial court declined to apply *Alleyne* and issued the entry from which Mr. Willan now appeals on December 13, 2013.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT IMPROPERLY FAILED TO CONSIDER *ALLEYNE* WHEN RESENTENCING MR. WILLAN[.]

**ASSIGNMENT OF ERROR II**

IMPOSING A MANDATORY TEN-YEAR SENTENCE IS A VIOLATION OF MR. WILLAN'S SIXTH AMENDMENT RIGHTS[.]

{¶5}    Mr. Willan argues in his first assignment of error that the trial court erred in failing to consider *Alleyne* during the hearing the trial court labeled a status conference.  Mr.

Willan argues in his second assignment of error that the imposition of his ten-year mandatory sentence violates his Sixth Amendment rights as outlined by the United States Supreme Court in *Alleyne.*

{¶6}     While this instant appeal was pending, the United States Supreme Court granted Mr. Willan's petition for certiorari, vacated the decision in *Willan II*, and remanded the matter for consideration of *Alleyne*. *See State v. Willan* ("*Willan IV*"), 144 Ohio St.3d 94, 2015-Ohio-1475, ¶ 12.  Upon remand, the Ohio Supreme Court concluded that imposition of the ten-year mandatory sentence did not violate Mr. Willan's constitutional rights under *Alleyne*. *Id*. at ¶ 35. In so doing, the Ohio Supreme Court reinstated its prior judgment concluding that "R.C. 2929.14(D)(3)(a) unambiguously applies to [Mr.] Willan and subjects him to a mandatory RICO sentence of ten years." *Id*. at ¶ 36.  This Court is bound by that decision.  Accordingly, Mr. Willan's assignments of error are overruled.

### III.

{¶7}     The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

WILLIAM T. WHITAKER and ANDREA L. WHITAKER, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, BRAD L. TAMMARO, Assistant Attorney General, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Appellee.