Pfeifer, J.
{¶ 1} Appellee, Omar K. James, a.k.a. Ahmad K. James, is seeking to be declared a wrongfully imprisoned individual as defined in R.C. 2743.48(A). For the reasons that follow, we conclude that he has not satisfied R.C. 2743.48(A)(5). Accordingly, we reverse the judgment of the court of appeals.
Background
{¶ 2} In 1998, after a trial in which he represented himself, James was sentenced to 13 years in prison on various drug and weapons charges, including possession of cocaine and crack cocaine. James sought a writ of habeas corpus in the United States District Court for the Southern District of Ohio, Western Division. The district court conditionally granted the writ; it ordered the state to release James or grant him a new trial within a certain time. James v. Brigano, S.D.Ohio No. 3:00CV00491 (June 29, 2005). The Sixth Circuit Court of Appeals affirmed that decision based on its conclusion that James’s waiver of counsel had not been knowingly and intelligently made. James v. Brigano, 470 F.3d 636, 644 (6th Cir.2006).
{¶ 3} The state did not retry James, and the charges against him were dismissed with prejudice. James subsequently filed a complaint seeking a determination that he was a wrongfully imprisoned individual. See R.C. 2743.48(A). Both James and the state moved for summary judgment. James’s motion was denied; the state’s was granted.
{¶ 4} On appeal, the court of appeals reversed. 2014-Ohio-140, 2014 WL 201631 (2d Dist.). We reversed the judgment of the court of appeals and remanded with instructions for the court of appeals to apply Mansaray v. State, 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35. 139 Ohio St.3d 1401, 2014-Ohio-2245, 9 N.E.3d 1060.
{¶ 5} On remand, the court of appeals again reversed the trial court’s grant of summary judgment to the state, concluding that James had satisfied all five elements of R.C. 2743.48(A). We accepted the state’s discretionary appeal. 144 Ohio St.3d 1439, 2015-Ohio-5468, 43 N.E.3d 451.
Analysis
{¶ 6} To be declared a wrongfully imprisoned individual, a person must satisfy all five elements of R.C. 2743.48(A). Doss v. State, 135 Ohio St.3d 211, 2012-Ohio- *448 5678, 985 N.E.2d 1229, paragraph one of the syllabus. The only element at issue in this case is R.C. 2743.48(A)(5), which states: “Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual’s release * *
{¶ 7} We recently had occasion to examine this provision, stating:
When a defendant seeks a declaration that he is a wrongfully imprisoned individual and seeks to satisfy R.C. 2743.48(A)(5) by proving that an error in procedure resulted in his release, the error in procedure must have occurred subsequent to sentencing and during or subsequent to imprisonment.
Mansaray, 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35, syllabus.
{¶ 8} The court of appeals reviewed two procedural errors alleged by James, and it rejected one of them but accepted the other. 2015-Ohio-623, 2015 WL 751703, at ¶ 5-10. The court of appeals concluded that a trial court’s “failure to schedule a trial within the time frame set by statute, rule or as directed by a remand would constitute an error in procedure within the meaning of R.C. 2743.48(A)(5).” Id. at ¶ 6. We decline to express an opinion on this statement of law because it is unnecessary to do so to resolve the issue before us.
{¶ 9} It is undeniable that after the federal writ of habeas corpus was granted, the state chose not to prosecute James. Accordingly and appropriately, the trial court did not set a date for a new trial. The court of appeals concluded that failing to set a date for a new trial was an error. Whether it was an error is not relevant, however, because even if it was an error, it was not the error that “resulted in the individual’s release.” R.C. 2743.48(A)(5). How could it be, when the failure to schedule a new trial occurred after the writ of habeas corpus had been issued?
{¶ 10} The writ of habeas corpus was issued because the district court determined that James had waived his right to counsel other than knowingly and intelligently. His waiver of right to counsel occurred before James was sentenced or imprisoned, not “[subsequent to sentencing and during or subsequent to imprisonment,” as required by R.C. 2743.48(A)(5). It is obvious that the error that resulted in James’s release from prison was the improper waiver of counsel, not the alleged error of the trial court’s failing to set a new trial.
{¶ 11} We conclude that the court of appeals erred when it determined that James had satisfied R.C. 2743.48(A)(5). Accordingly, we reverse the judgment of *449 the court of appeals and reinstate the trial court’s order granting summary judgment to the state.
Judgment reversed.
O’Connor, C.J., and O’Donnell, Lanzinger, Kennedy, and French, JJ., concur.
O’Neill, J., dissents, 'with an opinion.