[Cite as *Boyd v. State*, 2018-Ohio-108.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| ALLEN D. BOYD | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27553 |
| | : | |
| v. | : | Trial Court Case No. 16-CV-6512 |
| | : | |
| STATE OF OHIO, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of January, 2018.

. . . . . . . . . .

ALLEN D. BOYD, 56 E. Alkaline Springs Road, Vandalia, Ohio 45377
    Plaintiff-Appellant, Pro Se

ZOE SAADEY, Atty. Reg. No. 0089181, 150 East Gay Street, 16th Floor, Criminal Justice Section, Columbus, Ohio 43215
    Attorney for Defendant-Appellee

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Allen D. Boyd, pro se, appeals from a judgment of the Montgomery County Court of Common Pleas, which dismissed, pursuant to Civ.R. 12(B)(6), his action against the State of Ohio for a declaration that he is a "wrongfully imprisoned individual," as that term is defined by R.C. 2743.48(A). For the following reasons, the trial court's judgment will be affirmed in part and reversed in part, and the case will be remanded for further proceedings.

## I. Background and Procedural History

{¶ 2} Our opinion in Boyd's direct appeal in his 2011 criminal case, *State v. Boyd*, 2d Dist. Montgomery No. 25182, 2013-Ohio-1067, provides the following underlying facts.

{¶ 3} At approximately 4:00 p.m. on August 1, 2011, Vandalia police officers responded to a two-story, four-unit apartment building on a report of domestic violence. The caller had reported that her boyfriend, Boyd, had put a gun to her head. After arriving, Officer Brazel called the girlfriend and instructed her to exit the building. After exiting, the girlfriend approached Brazel and provided additional details about what Boyd had done. She also indicated that her adult nephew was inside the apartment. The officer contacted the nephew by phone, who then also exited the building. The officer made numerous unsuccessful attempts to contact Boyd. Boyd eventually exited the apartment; he was ordered to the ground and handcuffed. After Boyd was arrested, Officer Brazel and Sergeant Stanley "cleared" the apartment to make sure there were no other suspects or victims. During the sweep, the officers located a firearm on the bed in the master bedroom of the girlfriend's apartment. Brazel testified at a suppression hearing that the apartment complex was "for single mothers and their children only," but

he understood from past encounters with Boyd and his girlfriend that Boyd "basically lived there."

{¶ 4} Boyd was charged with having weapons while under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree.  *State v. Boyd*, Montgomery C.P. No. 2011 CR 2608.  The alleged disability stemmed from a prior drug conviction in Case No. 1995 CR 4033.  Boyd unsuccessfully sought to suppress the evidence against him.  In April 2012, the matter proceeded to a jury trial, and the jury found him guilty as charged. The trial court sentenced Boyd to 30 months in prison.

{¶ 5} On appeal, Boyd challenged the trial court's denial of his motion to suppress, claiming that the "trial court erred in overruling [his] motion to suppress evidence obtained as a result of the unconstitutional search of his residence."  On March 22, 2013, we concluded that the trial court had erred in denying the motion to suppress.  *Boyd*, 2d Dist. Montgomery No. 25182, 2013-Ohio-1067.  We stated that "[s]ince the officers herein arrested Boyd outside of the apartment, and no one posed a danger to them, the trial court erred when it determined that the protective sweep was justified by the circumstances."  *Id.* at ¶ 27.  We further concluded that there were no exigent or emergency circumstances justifying the officers' entry into the apartment, *id.* at ¶ 30, and that the State had waived any argument that Boyd lacked standing to object to the search, *id.* at ¶ 31-32.  We reversed Boyd's conviction and remanded for further proceedings.

{¶ 6} Upon remand, a jury trial was scheduled for August 13, 2013.  Boyd alleges in his amended complaint in this action that the State made several plea offers, but he rejected each of the offers.  On August 9, 2013, the trial court dismissed the action, without prejudice, at the request of the State; the entry indicated that a necessary witness

could not be located.   Boyd was released from jail the same day.

{¶ 7} After the dismissal of the criminal action, Boyd and others filed several motions with the trial court related to the return of property.   Of relevance, one motion was brought by Boyd's neighbor, Lori Staley, seeking the return of the seized firearm, which allegedly belonged to her.   The court ultimately ordered the firearm to be destroyed.

{¶ 8} On December 29, 2016, Boyd, pro se, filed this civil action in the Montgomery County Court of Common Pleas, seeking a determination that he was a "wrongfully imprisoned individual," pursuant to R.C. 2743.48(A).   He filed an amended complaint on January 19, 2017; numerous documents from his prior court proceedings were attached.

{¶ 9} In his amended complaint, Boyd detailed the trial court proceedings that occurred in his prior drug case and his 2011 case for having weapons while under disability.   Boyd alleged that his initial 1995 drug offense conviction was void, and thus he had no disability to form the basis of his subsequent conviction for having weapons while under disability.   Boyd also alleged that he never possessed the gun seized on August 1, 2011, which belonged to Staley.

{¶ 10} Addressing the requirements to be declared a wrongfully imprisoned person, within the meaning of R.C. 2743.48(A)(1-5), Boyd alleged that (1) he was indicted in Case No. 2011-CR-2608 for having weapons while under disability, a third-degree felony, (2) a jury convicted him of that offense, (3) the trial court sentenced him to 30 months in prison for having weapons while under disability, (4) his conviction and sentence for having weapons while under disability were reversed by the Second District Court of Appeals, and (5) he was released from the Montgomery County Jail on August

9, 2013 (after the trial court entered a judgment dismissing the case), he was not under disability when he was arrested on August 1, 2011, and he never possessed the firearm.

{¶ 11} On February 20, 2017, the State filed a motion to dismiss the action, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted. The State asserted that Boyd was unable to satisfy the fourth and fifth prongs of R.C. 2743.48(A). Specifically, it argued that Boyd engaged in the act that formed the basis for the having weapons while under disability charge, and thus he could not satisfy R.C. 2743.48(A)(5). The State further argued that Boyd could not prove that he was not engaged in other criminal conduct arising out of the incident for which he was charged, because he had engaged in felonious assault (at a minimum) when he threatened his girlfriend with a gun. The State thus argued that he also could not satisfy R.C. 2743.48(A)(4).

{¶ 12} Boyd opposed the State's motion, asserting that he could satisfy each element of R.C. 2743.48(A). On March 23, 2017, the trial court dismissed Boyd's action, pursuant to Civ.R. 12(B)(6), finding that he could not satisfy the fifth requirement of R.C. 2743.48(A).

{¶ 13} Boyd appeals from the trial court's judgment.

## II. Applicable Standards

{¶ 14} A motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), "is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992); *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 16 (2d Dist.). The court must construe the complaint in the light most

favorable to the plaintiff, presume all of the factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Grover* at ¶ 16, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). A motion to dismiss under Civ.R. 12(B)(6) should be granted only when the complaint, so construed, demonstrates that the plaintiff can prove no set of facts entitling him or her to relief. *Sherrod v. Haller*, 2017-Ohio-5614, __ N.E.3d __, ¶ 6 (2d Dist.). "The standard for dismissal under Civ.R. 12(B)(6) is consistent with Civ.R. 8(A), which requires that a complaint 'contain * * * a short and plain statement of the claim [or claims] showing that the [plaintiff] is entitled to relief.' " *Toney v. Dayton*, 2017-Ohio-5618, __ N.E.3d __, ¶ 36 (2d Dist.).

{¶ 15} The Ohio legislature has developed a two-step process to compensate individuals who have been wrongfully imprisoned. *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, ¶ 10. "The first step is an action in the common pleas court seeking a preliminary factual determination of wrongful imprisonment; the second step is an action in the Court of Claims to recover money damages." *Id.* Through this process, the legislature "intended that the court of common pleas actively separate those who were wrongfully imprisoned from those who have merely avoided criminal liability." *Walden v. State*, 47 Ohio St.3d 47, 52, 547 N.E.2d 962 (1989); *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 9.

{¶ 16} Boyd sought a declaration that he was a wrongfully imprisoned individual, pursuant to R.C. 2743.48(A). To be a "wrongfully imprisoned individual," an individual must satisfy each of five requirements:

(1) The individual was charged with a violation of a section of the Revised

Code by an indictment or information, and the violation charged was an aggravated felony or felony.

(2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.

(3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.

(4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.

(5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

R.C. 2743.48(A). *See also James v. State*, 148 Ohio St.3d 446, 2016-Ohio-8012, 71 N.E.3d 271, ¶ 6.

{¶ 17} In dismissing Boyd's amended complaint, the trial court found that Boyd could not satisfy the fifth requirement of R.C. 2743.48(A). It reasoned:

Here, the factual findings underlying criminal charge giving rise to Plaintiff's wrongful imprisonment claim were never in dispute on appeal. *State v. Boyd*, 2013 WL 1189012, (C. A. No. 25182, March 22, 2013). The issue on appeal was whether the trial court erred in overruling Plaintiff['']s motion to suppress. *Id.* The apartment where the firearm was found, was deemed to be the residence of the Plaintiff. *Id.* The firearm was found in the master bedroom of the apartment of the Plaintiff's residence. *Id.* The Plaintiff did not prove in his pleadings that he was innocent of having a gun while under disability. In fact, Plaintiff mentions in the *Complaint* that a firearm was taken from a closet of his residence. *Complaint* at 13-14. This firearm was found in Plaintiff's residence while he was under disability for a prior drug conviction. *Id.* Furthermore, Plaintiff did not satisfy the statute and was not a wrongfully imprisoned individual, because the error in procedure (warrantless search violation) that resulted in the Plaintiff's release did not occur subsequent to sentencing and during or subsequent to imprisonment. Plaintiff must prove all five sections of R.C. 2743.48(A). Even when the Court takes all the factual allegations contained in the pleading as true and all reasonable inferences are drawn in favor of the Plaintiff, the Plaintiff does not meet his burden under R.C. 2743.48(A). Pursuant to Civ.R. 12(B)(6), the Plaintiff can prove no set facts in support of his claim.

{¶ 18} It is undisputed that Boyd can satisfy the first, second, and third requirements of R.C. 2743.48(A) – he was charged by indictment with having a weapon while under disability, a third-degree felony; he was found guilty of that charge by a jury; and he was imprisoned on that conviction. Boyd claims that he can also satisfy the fourth requirement; in its appellate brief, the State does not address the fourth requirement. (We note that the general six-year statute of limitations for felonies arising out of the August 1, 2011 incident expired on August 1, 2017, while this appeal was pending. *See* R.C. 2901.13(A)(1)(a).)

{¶ 19} On appeal, the parties focus on R.C. 2743.48(A)(5), which can be satisfied in either of two ways. First, the plaintiff can demonstrate that, "[s]ubsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release." Alternatively, the plaintiff can show that "the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person," i.e., that the person is actually innocent. Boyd alleges that he can satisfy both prongs.

### III. Error in Procedure

{¶ 20} First, Boyd argues that he can satisfy the "error in procedure" prong. "When a defendant seeks a declaration that he is a wrongfully imprisoned individual and seeks to satisfy R.C. 2743.48(A)(5) by proving that an error in procedure resulted in his release, the error in procedure must have occurred subsequent to sentencing and during or subsequent to imprisonment." *Mansaray v. State*, 138 Ohio St.3d 277, 2014-Ohio-750, 6 N.E.3d 35, syllabus. In this case, the errors in procedure that resulted in Boyd's release were the police officers' unlawful protective sweep of his residence and the trial

court's failure to suppress the evidence found as a result of the unlawful protective sweep. Both of those events occurred prior to Boyd's trial and sentencing. Accordingly, they cannot satisfy R.C. 2743.48(A)(5).

{¶ 21} On appeal, Boyd claims that two other procedural errors occurred after his successful appeal that satisfy R.C. 2743.48(A)(5). Boyd states that, on August 5, 2013, the State offered him an opportunity to plead to a misdemeanor in exchange for a sentence of time-served. Boyd indicates that he pointed out to his trial counsel that the statute of limitations had expired on August 1, 2013, on misdemeanor charges arising out of the August 1, 2011 incident. *See* R.C. 2901.13(A)(1)(b). Boyd asserts that the State lacked "jurisdiction" to offer him a plea to a misdemeanor, and that the State's conduct thus constituted a procedural error subsequent to imprisonment.

{¶ 22} We need not decide whether the State's misdemeanor plea offer constituted an "error in procedure," because even if it were, it did not result in Boyd's release. *Accord James,* 148 Ohio St.3d 446, 2016-Ohio-8012, 71 N.E.3d 271. The State's plea offer was rejected by Boyd, which necessitated that the matter be set for trial; no other consequence resulted.

{¶ 23} Boyd also claims that the State committed a *Brady* violation after the reversal of his conviction when the prosecutor "never told [the trial judge] that on August 25, 2011 the Grand Jury used the 'void' termination entry of Case No. 1995-CR-4033 filed on July 5, 2000 @ 3:22 pm to indict Allen D. Boyd for having a weapon while under a disability in Case No. 2011-CR-2608." (Use of all capitalization omitted.) Again, we need not address whether this conduct constituted an "error in procedure," because even if it did, it did not result in Boyd's release.

{¶ 24} In sum, construing the amended complaint in the light most favorable to Boyd, Boyd has failed to allege any error in procedure, occurring subsequent to sentencing and during or subsequent to imprisonment, that resulted in his release.

## IV. Actual Innocence

{¶ 25} Boyd also contends that he is actually innocent of having weapons while under disability.   This argument is primarily premised on his belief that the judgment entry in his underlying 1995 drug case is void.   He also claims that he did not possess a firearm on August 1, 2011.

### A. Disability from 1995 Drug Abuse Case

{¶ 26} At the time of Boyd's 1995 drug offense, Crim.R. 32(B) provided:

A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence.   If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly.   The judge shall sign the judgment and the clerk shall enter it on the journal.   A judgment is effective only when entered on the journal by the clerk.

As part of the 1998 amendments to Crim.R. 32, this provision was renumbered Crim.R. 32(C).   The language of Crim.R. 32(C) was unaffected by the 1998 and 2004 amendments to Crim.R. 32.

{¶ 27} In 2008, the Ohio Supreme Court held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court."   *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 (explaining Crim.R.32(C)).

**{¶ 28}** The Supreme Court subsequently modified *Baker* in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, decided on October 13, 2011. *Lester* held that a "judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester*, paragraph one of the syllabus. Although former Crim.R. 32(C) indicated that the judgment entry should include the manner of conviction, *Lester* held that its absence from the judgment entry did not affect the finality of the order. *Lester* at ¶ 12. Where the manner of conviction was missing, the trial court could correct the omission by means of a nunc pro tunc entry. *Lester* at paragraph two of the syllabus; *State ex rel. Snead v. Ferenc*, 138 Ohio St.3d 136, 2014-Ohio-43, 4 N.E.3d 1013, ¶ 9.

**{¶ 29}** The initial judgment entry in Boyd's 1995 drug case, which was attached to Boyd's amended complaint, was filed on July 5, 2000. The judgment entry stated, in part: "The defendant herein having been convicted of the offense(s) of **DRUG ABUSE (Pre-SB 2) (F4)** was on **June 28, 2000**, brought before the Court[.]" (Emphasis in original.) The entry indicated a sentence of 6 months in prison, was signed by the judge, and was time stamped by the clerk's office. The judgment entry did not include the manner of Boyd's conviction.

**{¶ 30}** Boyd was indicted in Case No. 2011-CR-2608 (having weapons while under disability) on August 25, 2011 – after *Baker* was decided, but before *Lester*. On October 4, 2011, approximately six weeks after Boyd was indicted in Case No. 2011-CR-2608, the State filed a motion in Case No. 1995-CR-4033 (drug abuse), requesting a nunc pro tunc entry to correct the absence of the manner of conviction from the July 5, 2000

judgment entry. On October 12, 2011, the trial court in Case No. 1995-CR-4033 filed an amended judgment entry (nunc pro tunc June 28, 2000), which indicated that Boyd had pled guilty to the offense of drug abuse.

{¶ 31} Boyd claims that he was not under disability on August 1, 2011, when the relevant events in Case No. 2011-CR-2608 occurred, because the July 5, 2000 judgment entry was void when he was indicted for having weapons while under disability. Although *Lester* was decided after his indictment, *Lester* made clear that the absence of the manner of conviction (his guilty plea) from his original judgment entry in Case No. 1995-CR-4033 did not render that judgment void. Rather, in accordance with *Lester*, the trial court was permitted to rectify the omission by means of the nunc pro tunc, which the trial court did. In other words, as a matter of law, the July 5, 2000 judgment entry was not void, and Boyd was prohibited from possessing a firearm as a result of that conviction.

{¶ 32} We note that R.C. 2923.13(A)(3) (having weapons while under disability) prohibits a person from acquiring, having, carrying, or using a firearm if that person is "*under indictment for* or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse." (Emphasis added.) Even if the judgment entry in Boyd's drug abuse case were void for failure to comply with Crim.R. 32(C), the absence of a final judgment entry would have meant that the case remained open and that Boyd remained under indictment for that offense. Thus, regardless of the validity of the final judgment in Case No. 1995-CR-4033, Boyd cannot establish that he was not under disability at the time of the 2011 offense.

{¶ 33} Boyd also asserts that the judgment in 1995-CR-4033 was void, citing case

law regarding the imposition of post-release control. It is well-established that, "when a judge fails to impose statutorily mandated post[-]release control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (Emphasis in original and footnote omitted.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7. But, "[w]here post-release control has been improperly imposed, res judicata applies to all other aspects of the conviction and sentence, including the determination of guilt and the lawful elements of the sentence." *State v. Brown*, 2d Dist. Montgomery No. 26230, 2015-Ohio-3912, ¶ 23. Accordingly, the correctness or incorrectness of the imposition of post-release control in Case No. 1995-CR-4066 would not affect the validity of the judgment as a whole. Even assuming that the trial court erred in imposing post-release control in Case No. 1995-CR-4066, Boyd's judgment of conviction for drug abuse remained valid and, as a result, Boyd had a disability for purposes of the 2011 offense of having weapons while under disability.

{¶ 34} Upon review of Boyd's complaint, Boyd cannot, as a matter of law, establish a claim of actual innocence based on an argument that the judgment in his 1995 drug abuse case was void and thus he was not under disability.

**B. Lack of Possession of Firearm**

{¶ 35} Finally, Boyd claims that he did not have a weapon on August 1, 2011.

{¶ 36} A claim of actual innocence requires affirmative proof of innocence. The standard "is not satisfied by an acquittal or a finding of legal insufficiency of the evidence. The General Assembly requires a showing of innocence to be made affirmatively and adjudicated de novo before a claimant can be found to be eligible for compensation in a

wrongful-imprisonment action." *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, 985 N.E.2d 1229, ¶ 21.

{¶ 37} Boyd alleged in his amended complaint that he "never had possession of Lori Staley's Legally Owned firearm on August 1, 2011. Which is why the Plaintiff, Allen Boyd's fingerprints and D.N.A. were not on Lori Staley's firearm." The State asserts on appeal that the trial court correctly dismissed Boyd's claim, because he "has not made an affirmative showing of actual innocence and cannot meet his burden under R.C. 2743.48(A)."

{¶ 38} Unlike Boyd's arguments regarding his underlying disability, which could be resolved as a matter of law based on a review of the judgment entry in Case No. 1995-CR-4066 (attached to his amended complaint), we cannot determine that this claim must fail, as a matter of law. Accepting as true Boyd's statement that he did not possess the gun, as we must when reviewing a Civ.R. 12(B)(6) motion, that statement is sufficient to assert that he was actually innocent of having weapons while under disability.

{¶ 39} The State notes that Boyd has attached to his amended complaint a motion by Staley for the return of her firearm in which Staley indicates that her firearm was located in Boyd's residence. The State argues that this statement precludes Boyd from claiming that he was actually innocent of having weapons while under disability. Staley went on to state, however, that Boyd never had possession of her firearm and had no knowledge that the firearm was left in the closet of the bedroom. Construing all of the allegations in Boyd's complaint in the light most favorable to him, we cannot conclude that Boyd cannot state a claim of actual innocence based on lack of possession of the firearm.

**{¶ 40}** It is possible that Boyd could ultimately prevail on a claim of actual innocence, based on his claim that he did not possess the gun, even though he was previously convicted of the offense by a jury. And, we disagree with the trial court's suggestion that Boyd's failure to challenge the sufficiency of the evidence against him on direct appeal from his conviction precludes him from asserting such an actual innocence claim in this action. Suffice it to say, at this procedural juncture (a Civ.R. 12(B)(6) motion), when we construe the allegations in the complaint as true and in Boyd's favor, we cannot conclude that Boyd failed to state a claim upon which relief may be granted.

**{¶ 41}** Boyd's assignment of error is overruled in part and sustained in part.

### V. Conclusion

**{¶ 42}** The trial court's judgment will be affirmed in part, reversed in part, and remanded for further proceedings.

. . . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies mailed to:

Allen D. Boyd
Zoe Saadey
Hon. Dennis J. Adkins